**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GILBERT MICHAEL GALLEGOS,

    Plaintiff,

v.                                                No. CV 13-0329 MCA/WPL

CURRY COUNTY DETENTION CENTER,
CURRY COUNTY SHERIFFS DEPT. &
MEDICAL DEPT.,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's claims against the named Defendants will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies

the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff suffers from bipolar depression and schizophrenia, as well as unspecified physical conditions. Defendants have allegedly denied him necessary treatment for his conditions, resulting in loss of memory, dizzy spells, headaches, and anxiety. Plaintiff contends that Defendants' conduct violates his rights under the Eighth and Fourteenth Amendments. For relief, the complaint seeks damages.

To succeed on a complaint under 42 U.S.C. § 1983, a plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Plaintiff's complaint names three county employer Defendants and makes no allegations identifying a party who denied him medical treatment. A local governmental agency cannot be held liable for the acts of its employees solely under a theory of respondeat superior. *See Sauers v. Salt Lake County*, 1 F.3d 1122, 1129 (10th Cir. 1993). The complaint thus fails to make an affirmative link between the named Defendants and the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *and see Stidham v. Peace Officer Standards And Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) ("We hold that the affirmative link described in *Rizzo*[ *v. Goode*, 423 U.S. 362, 370-77 (1976)] and its progeny must be alleged in the complaint as well as proven at trial."). The Court will dismiss Plaintiff's claims against the named Defendants, with leave to amend. Failure to comply with this Order may result in dismissal of Plaintiff's civil rights action.

IT IS THEREFORE ORDERED that Plaintiff's claims against the named Defendants are DISMISSED; and, within fourteen days from entry of this Order, Plaintiff may file an amended

complaint containing appropriate factual allegations and identifying individuals who denied him necessary medical treatment.

_____
UNITED STATES DISTRICT JUDGE